IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN TUCKER, et al.,

           Plaintiffs,

v.                                                                          CIVIL ACTION NO. 2:13-cv-04480

MOMENTIVE PERFORMANCE
MATERIALS USA INC., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Momentive Performance Materials USA Inc.'s ("Momentive") motion to dismiss the complaint, Plaintiffs Brian Tucker and Sherri Tucker's motion for leave to amend their complaint, and two motions for a modification of the Court's previously entered scheduling order, one filed by Momentive and the other filed by the parties jointly. For the following reasons, the Court **GRANTS** Plaintiffs' motion to amend [ECF 15], **DENIES AS MOOT** Momentive's motion to dismiss [ECF 6], and **GRANTS** both motions for a modification of the Court's scheduling order [ECF 31 and 34].

*I.    FACTUAL AND PROCEDURAL HISTORY*

This action arises from injuries allegedly sustained by Plaintiff Brian Tucker as a result of his exposure to toxic chemicals while employed by Momentive from 1977 to 2011.[1] On February 5, 2013, Mr. Tucker and his wife, Sherri Tucker, brought suit against Momentive and 99 unnamed John Doe entities in the Circuit Court of Kanawha County, alleging product liability, failure to

---

[1] According to the allegations in the complaint, Momentive was formerly known as Union Carbide Corporation.

warn, negligence, fraudulent and negligent misrepresentation, fraudulent concealment, and loss of consortium claims.[2] Momentive removed the action to this Court on March 6, 2013 on the basis of diversity jurisdiction and moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 15, 2013.

Momentive's motion to dismiss is premised on Plaintiffs' failure to plead the essential elements of a deliberate intent claim under West Virginia Code § 23-4-2. As Mr. Tucker was an employee of Momentive's when his injuries purportedly occurred, Momentive asserts that it is immune from suit unless Mr. Tucker alleges that it acted with deliberate intent to cause his injuries. Plaintiffs responded that their original complaint contained allegations of deliberate intent sufficient to survive a motion to dismiss, but moved for leave to amend the complaint to explicitly set forth the elements of a deliberate intent cause of action. Their proposed amended complaint includes additional counts for deliberate intent and for failure to instruct.

Momentive does not contest the adequacy of the amended complaint; instead, it argues that the Court should deny leave to amend since the statute of limitations on Plaintiffs' deliberate intent claim has run and, according to Momentive, this claim does not relate back to the date the original complaint was filed. Because Momentive's motion to dismiss is moot if the Court grants leave to amend, the Court focuses its attention first on Plaintiffs' motion.

## II. LEGAL STANDARD

Except in limited circumstances not applicable here, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave to amend a pleading is within the sound discretion of the district court, but that discretion is limited

---

[2] Plaintiff Sherri Tucker joins in the complaint only on the loss of consortium claim.

by the general policy of favoring the resolution of cases on the merits. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

### III. DISCUSSION

Momentive claims that it will be deprived of an otherwise valid statute of limitations defense if the Court grants Plaintiffs leave to amend their complaint. Plaintiffs' original complaint alleges that Mr. Tucker discovered his injuries in February 2011; therefore, the two-year statute of limitations on claims arising from these injuries tolled at the end of February 2013. Plaintiffs did not move to amend their complaint to include formal allegations of deliberate intent until June 6, 2013. As the statute of limitations has run, this claim may proceed only if it relates back to the original complaint. Predictably, Momentive argues that it does not.

Under Federal Rule of Civil Procedure 15(c)(2), an amended complaint relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This rule is "based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) (quoting *Brown v. Chaner*, 172 F.3d 927, 932 (6th Cir. 1997)). Thus, even an amendment that proposes an entirely different theory of recovery will

3

relate back so long as the new legal theory arises out of the same core facts as the original pleading. *See Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996); *Fed. Deposit Ins. Corp. v. Bennett*, 898 F.2d 477, 479-480 (5th Cir. 1990). The question for the court's resolution in this instance is "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *Bledsoe*, 501 F.3d at 516 (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)).

Despite Momentive's arguments to the contrary, Plaintiffs' amended complaint relates back to their original pleading. The theories of liability differ between the two pleadings, but they share an identical nucleus of facts. The amended complaint, like the original, arises out of Mr. Tucker's exposure to hazardous chemicals at Momentive's worksite between the years of 1977 and 2011. The additional factual allegations contained in the amended complaint are obviously designed to track the West Virginia statute setting forth the elements of a deliberate intent cause of action.[3] They do not, as Momentive claims, invoke reference to any conduct, transaction, or occurrence other than that already set forth by the original complaint. Particularly given the liberal amendment standard established by Federal Rule of Civil Procedure 15, any variances between the factual allegations in these pleadings do not suffice to prevent relation back.

The Court's conclusion is bolstered by the fact that Plaintiffs' original complaint placed Momentive on notice of the deliberate intent claim. *See Santamarina*, 466 F.3d at 573 ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification

---

[3] For example, the amended complaint alleges that Momentive acted with a "deliberately formed intention" to injure and that the unsafe working conditions at its Tyler County, West Virginia plant violated Occupational Safety and Health Administration regulations. (*See* ECF 15 at ¶¶ 18-25.)

of the allegations of the original complaint in the amended one." (citing *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581 (1945)). Momentive essentially admits as much in its motion to dismiss, wherein it argues that given the facts alleged in the original complaint, a deliberate intent claim presents Mr. Tucker's sole avenue of recovery. Momentive's claim that it will be prejudiced by the amendment is therefore unpersuasive. For these reasons, the Court **FINDS** that Mr. Tucker's deliberate intent claim, though arguably asserted for the first time in his amended pleading and after the statute of limitations had tolled, relates back to his original pleading.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion to amend their complaint [ECF 15]. As the deficiencies that Momentive identified in the original complaint have been resolved by the amended pleading, the Court **DENIES AS MOOT** its motion to dismiss [ECF 6]. The Court **GRANTS** the motions to set aside the Court's scheduling order [ECF 31 and 34], and will set new deadlines by separate order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 18, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

5