UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **BRIAN TUCKER and** | ) | |
| **SHERRI TUCKER, his wife,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Civil Action No. 2:13-cv-04480 |
| v. | ) | Thomas E. Johnston, Judge |
| | ) | |
| **MOMENTIVE PERFORMANCE** | ) | |
| **MATERIALS USA, INC., et al.** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MATHESON TRI-GAS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS BRIAN AND SHERRY TUCKER'S NOTICE OF DEPOSITION *DUCES TECUM* OF JOHN W. SPENCER, CIS, CSP**

Defendant Matheson Tri-Gas, Inc. ("Matheson" or the "Defendant") hereby submits its objections to Plaintiffs Brian and Sherri Tucker's ("Plaintiffs") Notice of Deposition *duces tecum* of John W. Spencer, CIS, CSP (the "Notice").

**GENERAL OBJECTIONS**

Without waiving any other objection, and in addition to any specific objections which may be made on an individual basis in the separate responses below, pursuant to Rules 26 and 30

of the Federal Rules of Civil Procedure, Defendant, by counsel, hereby states the following objections to the document requests appended to the Notice as Exhibit A.

1. Defendant objects to the Notice as overly broad and unduly burdensome to the extent that the Notice places a burden or obligation on Defendant greater than or inconsistent with the requirements of the Federal Rules of Civil Procedure. Specifically, the Notice explicitly fails to comply with the general provisions regarding the proper scope of expert discovery enumerated in Fed. R. Civ. P. 26(b).

Defendant objects to the Notice to the extent that it seeks information that is protected from disclosure by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege, the work product doctrine, trial-preparation protection, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of West Virginia or any other applicable jurisdiction.

Defendant objects to the Notice to the extent that it seeks information that is already in Plaintiffs' possession, custody or control by virtue of discovery in this action, or otherwise is publicly available, and therefore is unduly burdensome. Defendant further objects to the Notice to the extent that it seeks information not in Defendants' or Mr. Spencer's possession, custody, or control.

Defendant objects to the Notice to the extent that it seeks production of documents not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

**SPECIFIC OBJECTIONS**

Without waiving any of the general objections listed above, and incorporating each of them by reference into each response below, Defendant responds more specifically to the document requests appended to the Notice as Exhibit A as follows:

**Request 1**:

Deponent's entire file relating to his work and/or opinions for this action.

**Response to Request 1**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request on the basis that it is vague and ambiguous in that the term "file" is undefined. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 2**:

All notes, correspondence, records, instrument tapes, slides, charts, monitoring reports, tape recordings, and every other document of every kind of description, which Deponent has seen, reviewed or to which he as referred in any way that relate to his review of the records in this case and to the opinion(s) rendered in his expert report.

**Response to Request 2**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of

the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request on the basis that it is overbroad, ambiguous, and unduly burdensome in that it seeks a potentially unlimited set of materials that are not relevant to Mr. Spencer's opinions in this matter. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 3**:

All articles, books, reports, medical records, surveys, documents, and other materials in Deponent's possession that relate to opinion(s) rendered in his expert report.

**Response to Request 3**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request on the basis that it is overbroad, ambiguous, and unduly burdensome in that it seeks a potentially unlimited set of materials that are not relevant to Mr. Spencer's opinions in this matter. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 4**:

All photographs and/or photographic productions or reproductions, projections and all other visual depictions of every sort made by or for the Deponent with reference to the Plant, any

employee of the Plant, including but not limited to Brian Tucker, or reviewed or relied upon by Deponent.

**Response to Request 4**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request on the basis that it is vague and ambiguous in that the term Plant is undefined. Defendant further objects to this Request on the basis that it is overly broad and unduly burdensome in that it is not limited to the Plaintiff, Brian Tucker, and seeks documents relating to "any employee" at a "Plant" which is undefined. Defendant further objects to this Request on the basis that it is unduly vague and ambiguous and that Defendant cannot determine from the face of the Request what materials are being sought by the Request. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 5**:

All demonstrative exhibits of every character, sort and description that Deponent expects to use and/or make use of or otherwise refer to during his testimony at the trial of this matter.

**Response to Request 5**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks information that is protected from disclosure by

5

any applicable privilege, doctrine or immunity, including without limitation the work product doctrine and trial-preparation protection. Defendant further objects to this Request on the basis that it is premature and Defendant is not under an obligation to disclose demonstrative exhibits expected to be used during trial testimony at this juncture. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's expert report in this matter and associated materials.

**Request 6**:

All articles, books, reports, notes, charts, graphs, tapes, instrument recordings, slides, photographs and every other document or depiction of every sort or description generated by Deponent or at the Deponent's request or direction or supervision regarding the Defendant's case.

**Response to Request 6**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks information that is protected from disclosure by any applicable privilege, doctrine or immunity, including without limitation the work product doctrine and trial-preparation protection. Defendant further objects to this Request on the basis that it is unduly vague and ambiguous and that Defendant cannot determine from the face of the Request what materials are being sought by the Request. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 7**:

A current curriculum vitae.

**Response to Request 7**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects on the basis that this Request seeks documents already in Plaintiffs' custody, possession, or control. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's curriculum vitae in connection with his expert report in this matter, in conformity with the Federal Rules of Civil Procedure.

**Request 8**:

A current listing of all publications and works in progress.

**Response to Request 8**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects on the basis that this Request seeks documents already in Plaintiffs' custody, possession, or control. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's curriculum vitae in connection with his expert report in this matter, in conformity with the Federal Rules of Civil Procedure.

**Request 9**:

A listing of all articles, treatises, and/or references researched and/or reviewed by Deponent in connection with his work in this manner.

**Response to Request 9**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of

the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request on the basis that it is overbroad, ambiguous, and unduly burdensome in that it seeks a potentially unlimited set of materials that are not relevant to Mr. Spencer's opinions in this matter. Subject to and without waiving any objections, Defendant states that they have produced Mr. Spencer's materials and reference list in connection with his expert report in this matter.

**Request 10**:

A listing of all general reference materials Deponent will be relying upon for his opinions or during his testimony in this matter.

**Response to Request 10**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request on the basis that it is vague and ambiguous in that the phrase "general reference materials" is undefined. Defendant further objects on the basis that this Request seeks documents already in Plaintiffs' custody, possession, or control. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's reference list in connection with his expert report in this matter, in conformity with the Federal Rules of Civil Procedure.

**Request 11**:

A statement of the compensation to be paid for the Deponent's review, study and testimony in this case, including a review of your retainer agreement for this case.

**Response to Request 11**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant objects to this Request on grounds that it is overbroad. Defendant further objects to this request to the extent that it seeks documents or information protected by the attorney work product doctrine. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's fee schedule in connection with his expert report in this matter and will produce communications relating to fees in conformity with Fed. R. Civ. P. 26(b)(4)(C).

**Request 12**:

An itemized list of time, charges and expenses for services or opinions rendered in this case, including an itemization for said services performed by any persons employed by you in this case.

**Response to Request 12**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant objects to this Request on grounds that it is overbroad. Defendant further objects to this request to the extent that it seeks documents or information protected by the attorney work product doctrine. Subject to and without waiving any objections, Defendant states that it had produced Mr. Spencer's fee schedule in connection with his expert report in this matter, in conformity with

9

the Federal Rules of Civil Procedure, and will produce communications relating to compensation in conformity with Fed. R. Civ. P. 26(b)(4)(C).

**Request 13**:

All written correspondence, including email and questionnaires completed and/or provided by the Defendant and/or Defendant's counsel, between you and Defendant and/or Defendant's attorney (regardless of whether related to the incident which is the subject matter of this lawsuit).

**Response to Request 13**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant objects to this Request on grounds that it is overbroad. Defendant further objects to this request to the extent that it seeks documents or information protected by the attorney work product doctrine or trial-preparation protection, or other applicable privilege. Subject to and without waiving any objections, Defendant will produce communications with Mr. Spencer in conformity with Fed. R. Civ. P. 26(b)(4)(C).

**Request 14**:

Any notes, outlines, or transcriptions used by the witness presently or in the past to give lectures, classes, or presentations which are related to the subject matter of this case.

**Response to Request 14**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant objects to this request in that it is vague and ambiguous as "subject matter of

this case" is undefined such that Defendant is unable to conclude the scope and types of documents Plaintiffs seek in connection with this Request. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's curriculum vitae in connection with his expert report in this matter, in conformity with the Federal Rules of Civil Procedure.

**Request 15**:

A current list of all cases in which Deponent has been identified as an expert and/or testified, in deposition or at trial, in the last five (5) years and for each case indicate whether you were retained by the plaintiff or defendant.

**Response to Request 15**:

Defendant repeats and specifically incorporates the General Objections as if fully stated herein. Defendant further objects to this Request to the extent that it seeks documents outside of the scope of expert discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects on the basis that this Request seeks documents already in Plaintiffs' custody, possession, or control. Subject to and without waiving any objections, Defendant states that it has produced Mr. Spencer's prior testimony list in connection with his expert report in this matter, in conformity with the Federal Rules of Civil Procedure.

## **CONCLUSION**

The responses and objections contained herein are made without any waiving the right to at any time revise, supplement, correct, or add to these objections and responses.

**MATHESON TRI-GAS, INC.,**

/s/ *Denise D. Pentino*
Denise D. Pentino (WV Bar #6620)
DINSMORE & SHOHL
2100 Market Street
Wheeling, WV 26003
(304) 230-1700
denise.pentino@dinsmore.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **BRIAN TUCKER and** | : | |
| **SHERRI TUCKER, his wife,** | : | Case No. 2:13-cv-04480 |
| | : | |
| Plaintiffs, | : | Judge Thomas E. Johnston |
| v. | : | |
| **MOMENTIVE PERFORMANCE** | : | |
| **MATERIALS USA INC., et al.,** | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Denise D. Pentino, certify that on the 31st day of January, 2017, I electronically filed the *"Matheson Tri-Gas, Inc.'s Objections and Responses to Plaintiffs Brian and Sherry Tucker's Notice of Deposition Duces Tecum of John W. Spencer, CIS, CSP"* by using the CM/ECF system, which will send notification of such filing to the participants listed below.

Scott B. Hall
Motley Rice, LLC
4151 N. Mulberry Drive
Suite # 201
Kansas City, Missouri 64116
sbhall@motleyrice.com

John D. Hurst
Motley Rice, LLC
50 Clay Street, Ste. 1
Morgantown, WV  26501
jhurst@motleyrice.com

Anne McGinness Kearse
John Herrick, Esquire
T. David Hoyle, Esquire
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Akearse@motleyrice.com
jherrick@motleyrice.com
dhoyle@motleyrice.com

and

Vincent Greene, Esquire
Motley Rice, LLC
550 Cedar St., Ste. 100
Providence, RI  02903
vgreene@motleyrice.com
*Counsel for Plaintiffs*

Michael J. Farrell, Esquire
FARRELL WHITE & LEGG
P.O. Box 6457
Huntington, WV 25772
mjf@farrell3.com

and

Andrea B. Daloia, Esq.
Timothy J. Coughlin, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114
Andrea.Daloia@ThompsonHine.com
tim.coughlin@thompsonhine.com
*Counsel for Axiall LLC and PPG Industries*

Lance D. Leisure, Esquire
Marquel S. Jordan, Esquire
Robert Scott, Esquire
Blank Rome
700 Louisiana Street, Suite 4000
Houston, TX 77002
mjordan@blackrome.com
*Counsel for Defendant Basic Chemical Solutions, LLC*

Diana L. Johnson, Esquire
Andrew C. Robey, Esquire
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
djohnson@bowlesrice.com
arobey@bowlesrice.com
*Counsel for BASF Corporation*

Jeremy A. Gunn, Esquire
MONTGOMERY MCCRACKEN
WALKER & ROADS LLP
123 S. Broad St., 24th Fl.
Philadelphia, PA 19109-1029
jgunn@mmwr.com
*Counsel for Brenntag Northeast, Inc. and Brenntag Mid-South, Inc*

Ronald E. Hurst, Esquire
MONTGOMERY MCCRACKEN
WALKER & ROADS LLP
123 S. Broad St., 24th Fl.
Philadelphia, PA 19109-1029
rhurst@mmwr.com
*Counsel for Brenntag Northeast, Inc. and Brenntag Mid-South, Inc.*

Joseph W. Selep, Esquire
Sharon Z. Hall, Esquire
ZIMMER KUNZ, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
selep@zklaw.com
hall@zklaw.com
*Counsel for Brenntag Northeast, Inc. and Brenntag Mid-South, Inc.*

Joseph S. Beeson, Esquire
Mark H. Hayes, Esquire
ROBINSON & MCELWEE PLLC
700 Virginia Street East, Suite 400
Charleston, WV 25301
jsb@ramlaw.com
mhh@ramlaw.com
*Counsel for Cabot Corporation*

A.L. Emch, Esquire
Michael B. Victorson, Esquire
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
aemch@jacksonkelly.com
mvictorson@jacksonkelly.com
*Counsel for Covestro, Akzo, and Sasol*

Lee Murray Hall, Esquire
Sarah A. Walling
Eleni Kontos-Miller, Esquire
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25626-2688
lmh@jenkinsfenstermaker.com
saw@jenkinsfenstermaker.com
eck@jenkinsfenstermaker.com
*Counsel for Detrex Corp.*

Bryant J. Spann, Esquire
David B. Thomas, Esquire
Susan M. Robinson, Esquire
THOMAS COMBS & SPANN
P.O. Box 3824
Charleston, WV 25338
bspann@tcspllc.com
dthomas@tcspllc.com
srobinson@tcspllc.com

and

John L. Ewald, Esquire
Kristina Pieper Trautmann, Esquire
Kevin M. Hynes, Esquire
James M. Fee, Esquire
Orrick Herrington & Sutcliffe
51 West 52nd Street
New York, NY 10019-6142
jewald@orrick.com
ktrautmann@orrick.com
khynes@orrick.com
jfee@orrick.com
*Counsel for The Dow Chemical Company*

J. David Brittingham, Esquire
Mary-Jo Pullen, Esquire
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
david.brittingham@dinsmore.com
maryjo.pullen@dinsmore.com

and

Michael P. Addair, Esquire
Dinsmore & Shohl LLP
900 Lee Street, East, Ste. 600
P.O. Box 11887
Charleston, WV 25339-1887
michael.addair@dinsmore.com
*Counsel for Dow Corning Corporation*

Mychal Sommer Schulz, Esquire
Callie E. Waers, Esquire
BABST CALLAND CLEMENTS & ZOMNIR
BB&T Square, Suite 1000
300 Summers Street
Charleston, WV 25301
mschulz@babstcalland.com
cwaers@babstcalland.com
*Counsel for Fisher Scientific, LLC*

Joanne Moon, Esquire
Hinkhouse Williams Walsh, LLP
180 N. Stetson Ave., Suite 3400
Chicago, Illinois 60601
jmoon@hww-law.com
*Counsel for Fisher Scientific, LLC*

John H. Tinney, Jr., Esquire
HENDRICKSON & LONG, PLLC
214 Capitol Street (zip 25301)
PO Box 11070
Charleston, WV 25339
jtinney@handl.com
*Counsel for ICL-IP America, Inc.*

John M. Schollaert, Esquire
Susan Loughran, Esquire
MARKS O'NEILL O'BRIEN DOHERTY & KELLY
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219
sloughran@moodklaw.com
*Counsel for Interstate Chemical Company, Inc.*

Anne D. Harman, Esquire
DINSMORE & SHOHL
Bennett Square
2100 Market Street
Wheeling, WV 26003
anne.harman@dinsmore.com

and

Steve N. Siegel, Esquire
Michael J. Gray, Esquire
DINSMORE & SHOHL
255 East Fifth Street
Cincinnati, OH 45202
steve.siegel@dinsmore.com
michael.gray@dinsmore.com
*Counsel for Matheson Tri-Gas, Inc.*

Marc E. Williams, Esquire
Melissa Foster Bird, Esquire
NELSON MULLINS RILEY &
SCARBOROUGH LLP
949 Third Ave., Suite 200
Huntington, WV 25701
marc.williams@nelsonmullins.com
melissa.fosterbird@nelsonmullins.com
*Counsel for Occidental Chemical Corporation*

Kelly Stewart
K. Stewart Law, P.C.
5956 Sherry Lane, Suite 1000
Dallas, TX 75225
kelly@kstewartlaw.com
*Counsel for Occidental Chemical Corporation*

Patricia M. Bello, Esquire
R. Scott Masterson, Esquire
LEWIS BRISBOIS BISGAARD & SMITH LLP
222 Capitol Street, Fifth Floor
Charleston, WV 25301
patricia.bello@lewisbrisbois.com
scott.masterson@lewisbrisbois.com

and

Brantley C. Rowlen, Esquire
Lewis Brisbois Bisgaard & Smith, LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309
Brantley.Rowlen@lewisbrisbois.com
*Counsel for Union Carbide Corporation*

Melissa Foster Bird, Esquire
Marc E. Williams, Esquire
NELSON MULLINS RILEY & SCARBOROUGH LLP
949 Fourth Avenue, Suite 200
Huntington, WV 25701
melissa.fosterbird@nelsonmullins.com
marc.williams@nelsonmullins.com
*Counsel for Univar USA, Inc.*

Joshua K. Boggs, Esquire
Mintzer Sarowitz Zeris Ledva & Meyers, LLP
625 Liberty Avenue Suite 390
Pittsburgh PA 15222
jboggs@defensecounsel.com
*Counsel for Tanner Industries, Inc.*

John T. Jessee, Esquire
Paul C. Kuhnel, Esquire
LeClairRyan
10 South Jefferson Street
18th Floor, Wells Fargo Tower
Roanoke, VA 24011
john.jessee@leclairryan.com
paul.kuhnel@leclearryan.com
*Counsel for Velsicol Chemical, LLC*

Thomas M. Hancock, Esquire
BOWLES RICE MCDAVID GRAFF & LOVE
P.O. Box 1386
Charleston, WV 25325-1386
tom.hancock@nelsonmullins.com
*Counsel for Defendant VWR International, LLC*

                Respectfully Submitted,

                /s/ *Denise D. Pentino*
                Denise D. Pentino (WV Bar #6620)
                DINSMORE & SHOHL
                2100 Market Street
                Wheeling, WV 26003
                (304) 230-1700
                denise.pentino@dinsmore.com
                *Counsel for Matheson Tri-Gas, Inc.*